UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case Number: _____

TERRY RAE and ROBERT RAE,

     Plaintiffs,

vs.

CRACKER BARREL OLD COUNTRY
STORE, INC., a Foreign Profit
Corporation,

     Defendants.

_____/

**DEFENDANT, CRACKER BARREL OLD COUNTRY STORE, INC., a Foreign Profit Corporation's NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW**

Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., a Foreign Profit Corporation, (hereinafter CRACKER BARREL), by and through its undersigned counsel, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the circuit court case (as hereinafter defined) from the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support hereof, the Defendant states as follows:

     1.     On or about December 8, 2021**,** a civil action was filed in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida with

said case being captioned *TERRY RAE and ROBERT RAE v. CRACKER BARREL OLD COUNTRY STORE, INC., a Foreign Profit Corporation*, Case No: 2021-CA-4970. This is a personal injury case based on alleged negligence arising from premises liability.

2.      The removing party is the Defendant in the above-described action.

3.      On or about January 13, 2022, Defendant was served with a Summons and Complaint through service upon CT Corporation System, its registered agent. This was Defendant's first notice that this lawsuit was filed.

4.      Plaintiff's Complaint demand was in excess of $30,000.00 exclusive of all interest, costs, and attorney's fees, which is within the jurisdictional limits of the circuit court.

5.      On February 2, 2022, Defendant served written discovery upon Plaintiff attempting to determine whether the amount in controversy exceeded $75,000.00.

6.      On March 21, 2022, Plaintiff served Answers to Defendant's Interrogatories. A copy of the Answers to Interrogatories are attached hereto as Exhibit "A." Among other things, in the interrogatories served upon Plaintiff, she was asked questions regarding medical bills and expenses within Defendant's Interrogatory Number 11.

**Defendant's Interrogatory No. 11:**
**List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the charge, the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the type of goods or services for which each was incurred.**

**Plaintiff's Answer to Interrogatory No. 11:**

| |
|---|
| **Choice Diagnostic**<br>**Total Charges: $9,804.05** |
| **Coastal Orthopedics**<br>**Total charges:** |
| **Comprehensive Med Psych**<br>**Total charges:** |
| **Doctor's Choice Home Care**<br>**Total charges: Bill requested** |
| **Encompass Home Health**<br>**Total charges: $23,989.90** |
| **Intercoastal**<br>**Total charges: $10,558.09** |
| **Lakewood Ranch Medical Center**<br>**Total charges: $164,862.00** |
| **Manatee County EMS**<br>**Total charges: $1,636.00** |
| **Paragon Emergency Physicians**<br>**Total charges: $2,009.00** |
| **Radiology & Imaging Specialists**<br>**Total charges: $422.00** |
| **Restore Medical Partners**<br>**Total charges: $36,532.49** |
| **Spartan Anesthesia Associates**<br>**Total charges: $5,670.00** |

7.     Plaintiff's Answers to Interrogatories identified medical expenses in the amount of $255,483.53.

Page 3 of 16

8.      Plaintiff's medical bills listed in Answer to Interrogatory Number 11 only lists part of the damages Plaintiff is claiming is in this matter. In addition to past medical expenses of $255,483.53, Plaintiff has additional unidentified past medical expenses in response to Interrogatory Number 11. Plaintiff is also seeking other damages included in Plaintiff's prayer for relief in Plaintiff's Complaint.

9.      Paragraph 14 of Plaintiff's Complaint, in her prayer for relief, requests damages for "permanent bodily injury, including aggravation of pre-existing injuries or activation of pre-existing disease, resulting pain and suffering, mental pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment." Further, Plaintiff alleges in this paragraph that the damages are "permanent or continuing and Plaintiff will suffer these losses in the future."

10.     Without including amounts for pain and suffering, or future medical expenses, Plaintiff clearly identified in her Answers to Interrogatories past medical bills in the amount of $255,483.53. Thus, without even considering pain and suffering and future medical bills, Plaintiff is clearly seeking damages which exceed this Court's $75,000.00 threshold for diversity jurisdiction.

Page 4 of 16

11.     Prior to filing suit, through her counsel, Plaintiff sent a presuit demand on September 14, 2021, for $1,500,000.00. The presuit demand claimed medical expenses in the amount of $222,668.35. Approximately three months later, when Plaintiff filed suit, Plaintiff only stated the amount in controversy exceeded $30,000.00.

12.     Because the presuit demand provided before the Complaint is considered posturing, Defendant could not remove this matter at the time the lawsuit was filed where Plaintiff only identified damages in excess of $30,000.00. Presuit demands and even presuit medical bills received by Defendant did not satisfy Defendant's burden of proof at removal and the amounts identified in the Complaint did not exceed $75,000.00. The Complaint itself does not identify damages in excess of $75,000.00. Proper diversity jurisdiction removal of the "other paper" justifying removal must be received after litigation is filed. 28 U.S.C. § 1446.

The undersigned counsel has attached hereto as Exhibit "B" the report and recommendation of *Bradley Sullivan v. National General Insurance Online, Inc.,* Case No. 3:17-cv-1387-J-32PDB (M.D. Fla. Jacksonville 2018). Magistrate Barksdale's report is being provided because the report provides a thorough legal analysis regarding presuit knowledge and the triggering of the 30-day removal period.

**Every court of appeals that has addressed whether a court may consider a defendant's pre-litigation knowledge or post-**

**litigation knowledge from a source other than the plaintiff to decide triggering of the 30-day removal period has held no.** *See Graiser v. Visionworks of Am., Inc.,* **819 F.3d 277, 283-84 (6th Cir. 2016);** *Romulus v. CVS Pharm., Inc.,* **770 F.3d 67, 74-75 (1st Cir. 2014);** *Cutrone v. Mortg. Elec. Reg. Sys., Inc.,* **749 F.3d 137, 143 (2d Cir. 2014);** *Walker v. Trailer Transit, Inc.,* **727 F.3d 819, 824 (7th Cir. 2013);** *Mumfrey v. CVS Pharm., Inc.,* **719 F.3d 392, 399 (5th Cir. 2013);** *Kuxhausen v. BMW Fin. Servcs. NA LLC,* **707 F.3d 1136, 1139, 1141 (9th Cir. 2013);** *Knudson v. Sys. Painters, Inc.,* **634 F.3d 968, 974 (8th Cir. 1999);** *Lovern v. Gen. Motors Corp.,* **121 F. 3d 160, 162 (4th Cir. 1997);** *Foster v. Mut. Fire, Marine & Inland Ins. Co.,* **986 F.2d 48, 53-54 (3d Cir. 1993) (***overruled on other grounds by Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.,* **526 U.S. 344 (1999)). Those courts have adopted a bright-line rule under which a court-to decide the triggering of the 30-day removal period-may look only at the pleading or any post-litigation "other paper," 28 U.S.C. § 1446(b)(3), from the Plaintiff.**

Magistrate Barksdale ruled that ten of the Circuit Courts of Appeal in the United States considered whether presuit knowledge from a source other than plaintiff can trigger the 30-day removal period. Magistrate Barksdale concluded that all of the circuits which have considered that a diverse defendant cannot use pre-litigation knowledge to trigger a 30-day removal period. Id.

Magistrate Barksdale stated that the bright-line rule is based on the language of subsection (b)(3) ("if the case *stated by the initial pleading* is not removable, a notice of removal may be filed within 30 days *after receipt by the defendant,* through service or otherwise, of a copy of an amended pleading, motion, order or other *from which it may first be ascertained* that the case is one which is or has become removable") (emphasis added). "It is axiomatic that a

Page 6 of 16

case cannot be removed before its inception. If the …paragraph…were meant to include as 'other paper' a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal 'be filed within thirty days after receipt by the defendant' of the 'other paper' would be nonsensical." *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 885 (9th Cir.2010). Id.

13.    Defendant is not entitled to rely on the posturing of a presuit demand to meet its burden of removal. At the time the Complaint was filed, the Complaint stated that Plaintiff was seeking in excess of $30,001.00 which does not exceed the jurisdictional threshold of this court. Thus, the case stated in the Complaint was not immediately removable upon filing because it did not demonstrate damages in excess of $75,000.00. Accordingly, the removal of the case is governed by the second paragraph of 28 U.S.C. § 1446(b). As the court noted in *Chapman v. Powermatic, Inc.,* 969 F. 2d 160, 164 (5th Cir. 1992), the second paragraph of §1446(b) only applies when the case stated by the initial pleading is not removable. "The plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' **after** receiving the initial pleading." *Chapman,* 969 F. 2d at 164 (emphasis added).

14.     The plain language of 28 U.S.C. § 1446(b) requires that, if an "other paper" triggers the running of the second paragraph's thirty-day time period, then a defendant must receive the "other paper" after receipt of plaintiff's initial complaint.

15.     Pursuant to the requirements of 28 U.S.C. § 1446(b), even though the case was not removable based on the initial pleading, "a removal may be filed within thirty (30) days after receipt by the Defendant through service or otherwise a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable". Plaintiff's Answers to Interrogatories dated March 21, 2022, meet the 28 U.S.C. § 1446(b) requirement of "other paper". Plaintiff's answers to interrogatories clearly identify that her alleged past medical bills alone, which Plaintiff is seeking in this matter, exceed the jurisdictional threshold of this Court, satisfy the "other paper" requirement of 28 U.S.C. § 1446(b).

16.     This Notice of Removal and Supporting Memorandum of Law is filed within thirty days after receiving Plaintiff's Answers to Defendant's Interrogatories in the above-described action. Thus, we have promptly filed this Notice of Removal and Supporting Memorandum of Law.

17.     At all times material hereto the Plaintiffs, TERRY RAE and ROBERT RAE, were and are citizens of the State of Florida. See paragraphs 4 and 5 of

Plaintiffs Complaint and Plaintiff, TERRY RAE's, Answer to Defendant's Interrogatory, Number 3, which describes the residence Plaintiff has lived in the past ten years, which is a Florida residence.

18.     At all times material hereto the Defendant, CRACKER BARREL, was and is a Tennessee Corporation with its principal place of business of Lebanon, Tennessee.

19.     The above-described action wholly involves citizens of different states, and this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. As Plaintiffs, TERRY RAE, and ROBERT RATE, are citizens of the State of Florida and Defendant, CRACKER BARREL, is a citizen of the State of Tennessee, and as this Court and Division encompasses the place where the above-described action is pending, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

20.     In compliance with Local Rule 4.02 (b) of the United States District Court of the Middle District of Florida and 28 U.S.C. § 1446, copies of all State court processes, pleadings, orders and other papers or exhibits of every kind, that have been filed in the State court action are attached hereto as Exhibit "C".

27.     A copy of this Notice of Removal and Supporting Memorandum of Law has been filed in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida with a copy being attached hereto as Exhibit "D".

WHEREFORE, Defendant, CRACKER BARREL, respectfully requests that the state court case now pending in the Circuit Court of the Twelfth Judicial Circuit in and for Manatee County, Florida be removed to the United States District Court for the Middle District of Florida, Tampa Division.

**MEMORANDUM IN SUPPORT
OF DEFENDANT'S NOTICE OF REMOVAL**

**I.      STATEMENT OF CASE**

Plaintiff, TERRY RAE, alleges in her Complaint that on or about the 30th day of July 2019, while Plaintiff, TERRY RAE, was in the Defendant's business, stepped into a puddle filled with wet paper towels, water, and/or other foreign substances, causing her to slip and fall to the ground. Plaintiff, TERRY RAE, asserts the following damages in her Complaint, stating that she suffered "permanent bodily injury, including aggravation of pre-existing injuries or activation of pre-existing disease, resulting pain and suffering, mental pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment." Additionally, Plaintiff, TERRY RAE, asserts her losses "are either permanent or continuing."  Plaintiff's Complaint demanded damages in excess of $30,000.00. Subsequently, Plaintiff answered in her Interrogatories on March 21, 2022, that she seeks past medical bills in the amount of $255,483.53. Plaintiff's alleged past medical bills alone exceed this Court's jurisdictional requirement.

Page 10 of 16

Defendant's counsel received Plaintiff's Answers to Interrogatories on March 21, 2022.

## II.     FEDERAL COURT JURISDICTION

Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between, among other things, citizens of different states.  Based on 28 U.S.C. § 1332 (c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, …".

While the Plaintiff merely alleged damages in her Complaint in excess of the minimum jurisdiction of the Circuit Court, Plaintiff, TERRY RAE, has now affirmatively alleged that the past medical bills in this matter exceed the $75,000.00 jurisdictional requirement of this District Court based on Plaintiff's own discovery responses. At the time of filing the Complaint, Plaintiff, TERRY RAE, demanded in excess of $30,000.00, which is below this Court's jurisdictional limits.   Defendant properly served initial discovery upon the Plaintiff on February 2, 2022, to determine whether the jurisdictional limit of this Court was satisfied. Plaintiff, TERRY RAE, answered under oath in her Answers to Defendant's Interrogatories on March 21, 2022, that the amount she is seeking in

past medical bills alone is $255,483.53. Defendant properly served the Plaintiff with initial discovery to determine whether this matter met the Court's jurisdictional limit. Plaintiff's own discovery responses regarding her past medical bills alone satisfy this Court's jurisdictional threshold.

As set forth in *Baker v. Firestone Tire & Rubber Company*, 537 F. Supp. 244 (S.D. Fla. 1982) and *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986), a determination of the amount in controversy should be made by a fair reading of the Complaint and is not limited to the Plaintiff's allegations of jurisdictional amount.   In *Baker*, the Court found that despite the minimum jurisdictional allegation, the pleading satisfied the removal threshold based on allegations that, "…the plaintiff sought to recover for permanent and serious injuries…pain, disfigurement, disability, loss of wages, loss of earning capacity…".   Plaintiff's Answers to Defendant's Interrogatories received on March 21, 2022, unequivocally asserts that Plaintiff, TERRY RAE, admits that she is seeking past medical bills of $255,483.53. The Plaintiff's Answers to Defendant's Interrogatories of March 21, 2022, identify medical bills in the amount of $255,483.53.

In this action, at the time of filing the Complaint, Plaintiff's demand was in excess of $30,000.00. Plaintiff's answers to Interrogatories after filing her Complaint, particularly her answer to Interrogatory Number 11, clearly identify

Page 12 of 16

medical bills in the amount of $255,483.53. Without even considering future medical bills and pain and suffering, Plaintiff's Answers to Interrogatories are clear that she is seeking more than $75,000.00 based upon her Answers to Interrogatories regarding past medical bills alone. Thus, Defendant is justified in relying on Plaintiff's Answers to Interrogatories that Plaintiff's claim in this matter exceeds $75,000.00. Defendant's counsel has filed this Notice of Removal and Supporting Memorandum of Law within thirty (30) days of receiving Plaintiff's Answers to Defendant's Interrogatories on March 21, 2022 which constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b), and thereby provides Defendant with notice that the potential damages from the lawsuit could exceed the jurisdictional amount.  See *Rahwar v. Nootz*, 863 F. Supp. 191 (D.N.J. 1994).

Plaintiff's Answers to Defendant's Interrogatories received by Defendant on March 21, 2022 satisfy the $75,000.00 removal threshold. Further, because Plaintiffs are citizens of the State of Florida; and CRACKER BARREL is a citizen of the State of Tennessee, complete diversity exists in this matter. Since the amount in controversy exceeds $75,000.00 and as complete diversity of citizenship exists, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## III.   REMOVAL AND VENUE

As this Court has original jurisdiction, the present case may be removed pursuant to 28 U.S.C. § 1441.  This removal is effected pursuant to the terms of 28 U.S.C. § 1446 and in compliance with said statute, this Notice of Removal and Supporting Memorandum of Law is accompanied by copies of all processes, pleadings, and orders served upon the Defendant. Venue is proper pursuant to 28 U.S.C. § 1441 as the United States District Court for the Middle District of Florida, Tampa Division, encompasses Manatee County, Florida where this state action is pending.

## IV.   TIMELINESS

28 U.S.C. § 1446 (b) requires that when a case is not removable at the initial pleading, "a Notice of Removal may be filed within thirty (30) days **after** receipt by the Defendant through service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (emphasis added). After Defendant received Plaintiff's Answers to Defendant's Interrogatories on March 21, 2022**,** Defendant timely sought to properly remove this action.

Magistrate Barksdale's opinion in *Sullivan* is clear that the 30-day for diversity removal begins upon receipt of "other paper" establishing the amount in controversy is over $75,000.00 and the Complaint in the instant matter did not

Page 14 of 16

do so on its face. *See also Seager v. Hartford Ins. Co. of Midwest*, Case No.: 2:20-cv-728-FtM-38MRM (M.D. Fla. Oct. 28, 2020); *Rocca v. Nat'l Specialty Ins. Co.,* Case No.: 2:20-cv-64-FtM-38MRM (M.D. Fla. Feb. 24, 2020; *Nikollaj v. Fed. Ins. Co.*, 472 F. Supp. 3d 1138 (M.D. Fla. 2020); *McCracken v. Certain Underwriters at Lloyd's,* Case No.: 2:20-cv-402-FtM-38MRM (M.D. Fla. Jun. 23, 2020); *Kane v. J.D. Lallo, Inc.,* Case No.: 2:20-cv-15-FtM, 38NPM (M.D. Fla. Feb. 18, 2020).

WHEREFORE, Defendant, CRACKER BARREL, requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in state court and in accordance with law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 15, 2022, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system which will send a Notice of Electronic Filing to: MARC MATHEWS, ESQ., Dteam1@mcintyrefirm.com, McIntyre, Thanasides, Bringgold, Elliott, Grimaldi, Guito & Matthews, P.A., 500 East Kennedy Blvd., Suite 200, Tampa, FL 33602.

Respectfully submitted,

/s/ Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida 34711-2921
Telephone: (352) 394-5888
Facsimile: (352) 394-8558

Page 15 of 16

russ@berginlaw.com
christie@berginlaw.com
service@berginlaw.com
Counsel for Defendant